UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VARIAN HOOKS,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**CITY OF ENGLEWOOD, ET AL.,**<br><br>　　　　　Defendants. | Civ. No. 17-8635 (KM) (MAH)<br><br>**MEMORANDUM & ORDER** |

**KEVIN MCNULTY, U.S.D.J.:**

　　　This matter comes before the Court on the Report and Recommendation ("R & R") (DE 56) of the Honorable Michael A. Hammer, United States Magistrate Judge, recommending that Plaintiff Varian Hooks' complaint (DE 1) be dismissed with prejudice.

　　　IT APPEARING that Mr. Hooks is represented by counsel, Nathaniel Davis, and through counsel filed a Complaint on October 18, 2017, that alleged that Defendants, the City of Englewood, the City of Englewood Police Department, Police Chief John Collins, Police Officers Gallego and Migliore, and Jason Mejia subjected him to excessive force while arresting him (DE 1); and

　　　IT FURTHER APPEARING that Defendants then filed Answers (DE 6, DE 7) to the Complaint and a pretrial scheduling order was entered on April 6, 2018 (DE 11); and

　　　IT FURTHER APPEARING that the parties then engaged in discovery and amended scheduling orders were entered in 2019 (DE 24, DE 29); and

　　　IT FURTHER APPEARING that on November 1, 2019, Mr. Hooks appeared to be deposed in this matter, but terminated the deposition early and stated that he no longer wished to prosecute his claims (DE 56 at 2); and

1

IT FURTHER APPEARING that on November 13, 2019, Judge Hammer held a status conference; and

IT FURTHER APPEARING that as a result of Plaintiff's statements during his deposition, Judge Hammer issued an order directing Plaintiff's counsel to submit by November 22, 2019, "a declaration to the Court and his adversaries, signed by Mr. Hooks, which indicates whether Mr. Hooks intends to continue to prosecute his action" (DE 40 at 2); and

IT FURTHER APPEARING that Mr. Hooks failed to comply with Judge Hammer's November Order; and

IT FURTHER APPEARING that Judge Hammer issued an order to show cause directing Plaintiff to state in writing by December 23, 2019, why the Complaint should not be dismissed in light of Mr. Hook's statement that he did not wish to proceed (DE 43); and

IT FURTHER APPEARING that on December 23, 2019, Mr. Hooks's counsel filed a letter requesting an additional 30 days to comply with Judge Hammer's order as Mr. Davis had been unable to reach Mr. Hooks (DE 45); and

IT FURTHER APPEARING that on December 26, 2019, Judge Hammer issued a text order stating the following:

> The Court has considered Mr. Davis's December 23, 2019 letter [D.E. 45] submitted in response to the Court's December 16, 2019 Order to Show Cause [D.E. 43]. Plaintiff's request for the additional thirty (30) days to submit a declaration from Plaintiff Varian Hooks regarding whether he wishes to continue this litigation is granted, and any such declaration from Mr. Hooks shall be filed by January 23, 2020. However, Plaintiff is advised that in view of the age of this case, and the extended time afforded Mr. Hooks to declare whether he wishes to proceed with the litigation, the Court will not extend the deadline any further. Failure to comply will result in a Report and Recommendation that the District Court dismiss this matter, with prejudice, based on Mr. Hooks's deposition testimony, and for failure to prosecute this action pursuant to Fed. R. Civ. P. 41.

(DE 46); and

IT FURTHER APPEARING that neither Mr. Hooks nor his counsel ever submitted a declaration to the Court, and never responded to defense counsel's proffer of a stipulation of voluntary dismissal (DE 41); and

IT FURTHER APPEARING that on May 18, 2020, Judge Hammer held a status conference with all counsel during which Plaintiff's counsel stated that he was still not able to make contact with Mr. Hooks to confirm whether he wished to proceed with this matter (DE 56 at 4); and

IT FURTHER APPEARING that on May 29, 2020, nearly seven months after initially ordering Plaintiff to clarify whether he wished to prosecute this action, Judge Hammer issued the R & R recommending that this action be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b); and

IT FURTHER APPEARING that Plaintiff has not filed objections to the R & R; and

IT FURTHER APPEARING that Judge Hammer properly considered the six factors to be considered prior to dismissing a complaint pursuant to Rule 41(b) as outlined by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), and this Court being in agreement with Judge Hammer that the *Poulis* factors weigh in favor of dismissal;

**IT IS THEREFORE** this 13th day of August, 2020

**ORDERED** that Judge Hammer's Report and Recommendation (DE 56) is **ADOPTED**, and Plaintiff's complaint (DE 1) is **DISMISSED WITH PREJUDICE**.

The clerk shall close the file.

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**